IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            CV 16-658 WJ/WPL
                                                              CR 11-2428 WJ

JAMES ALEY WHITE,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

James White timely filed his Motion to Correct Sentence Under 28 U.S.C. § 2255, pursuant to the Fifth Amendment and *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), on the basis that his due process rights were violated because the Court used the "residual clause" of U.S.S.G. § 4B1.2 to enhance White's guidelines range. (CV Doc. 1; CR Doc. 34.)[1] The United States contends that the Court should stay these proceedings pending the Supreme Court's decision in *Beckles v. United States* (S. Ct. No. 15-8544), and that White is not entitled to relief. (Doc. 37.) Being fully advised on these matters, I recommend that the Court deny White's motion.

**BACKGROUND**

On November 15, 2011, White pled guilty bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 34 at 1.) At sentencing on February 13, 2012, the Court adopted the presentence report ("PSR") and found that White was a career offender under the sentencing guidelines. (*Id.*) The Court concluded that the instant crime—bank robbery—constituted a crime of violence and

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-658 WJ/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 11-2428 WJ. Documents filed in both cases are cited by reference to the corresponding document in the criminal case.

that he had at least two prior convictions for crimes of violence or controlled substance offenses pursuant to U.S.S.G. § 4B1.2(a). (*Id.* at 1-2.)

The PSR calculated White's offense level as 29, with a criminal history category VI, and a resulting guidelines range of 151 to 188 months. (*Id.* at 2.) White was classified as a career offender under U.S.S.G. § 4B1.1 because he was at least eighteen years old at the time of the instant offense, the offense was a crime of violence or a drug trafficking crime, and White had at least two prior convictions for crimes of violence or drug trafficking crimes. White was ultimately sentenced to 120 months' of incarceration, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.[2] (*Id.* at 3.)

## DISCUSSION

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is unconstitutionally vague. 576 U.S. ---, 135 S. Ct. 2551, 2563 (2015). The Supreme Court announced that *Johnson* would apply retroactively on collateral review in *Welch v. United States*, reasoning that *Johnson* announced a substantive new rule. --- U.S. ---, ---, 136 S. Ct. 1257, 1264-65 (2016).

The residual clause in the ACCA is "virtually identical to the residual clause" in the Guidelines that was used to enhance White's guidelines range. *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). In *Madrid*, a case on direct appeal, the Tenth Circuit concluded that use of the residual clause in U.S.S.G. § 4B1.2 to calculate and enhance sentencing guideline ranges is unconstitutional because the clause is void for vagueness. *Id.* at 1211. At least one other Court of Appeals came to the opposite conclusion with respect to the residual clause in U.S.S.G. § 4B1.2. The Eleventh Circuit, in *United States v. Matchett*, held that the definition of "crime of

---

[2] White also waived his right to any collateral attack on the conviction or sentence, except on the issue of counsel's ineffective assistance. (Doc. 24 at 7.) However, the United States did not argue that White waived his right to bring this motion, so I do not address the merits of such a claim.

2

violence" in the Guidelines was not unconstitutionally vague in light of *Johnson*. 802 F.3d 1185, 1189, 1193 (11th Cir. 2015). The Supreme Court has not yet decided whether the residual clause in the Guidelines is also unconstitutionally vague and, if so, whether that change announces a new rule of substantive law that would apply retroactively. These issues are pending before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544).

Notwithstanding, the United States argues that White is not entitled to be resentenced because a decision invalidating the residual clause of the Guidelines would be procedural and not retroactive pursuant to *Teague v. Lane*, 489 U.S. 288 (1989) (plurality). White contends that *Johnson* applies substantively to the Guidelines and is retroactive in Guidelines cases.

*Teague* provides the "normal framework for determining whether a new rule applies to cases on collateral review." *Welch*, 136 S. Ct. at 1264. "[A]s a general matter, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'" *Id.* (quoting *Teague*, 489 U.S. at 310). There are two exceptions to this general rule: first, "new *substantive* rules generally apply retroactively," *id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)) (alteration omitted) (emphasis in original); and second "new 'watershed rules of criminal procedure,' which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,'" *id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)), generally apply retroactively.

The question, then, is two-fold: first, whether *Johnson* applies to the Guidelines to invalidate the residual clause of U.S.S.G. § 4B1.2, and second, whether *Johnson*'s applicability to the Guidelines falls into either of the categories that have retroactive effect under *Teague*. The

Tenth Circuit answered the first question in the affirmative in *Madrid*. The parties agree that applying *Johnson* to the Guidelines announces a new rule.

So, is *Johnson* a new substantive rule as applied to the Guidelines? "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 351-52. By contrast, procedural rules "regulate only the *manner of determining* the defendant's culpability." *Id.* at 353 (emphasis in original). Procedural rules alter "the range of permissible methods for determining whether a defendant's conduct is punishable." *Id.* Procedural rules also do not create a class of persons convicted of conduct that is not lawfully criminalized, "but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352.

Applying *Johnson* to the Guidelines does not "alter[] the range of conduct or the class of persons that the law punishes." *Id.* at 353. The Guidelines, unlike the ACCA, are advisory: they do not and cannot alter the range of sentences allowed under the law. The ACCA, by contrast, statutorily altered the authorized sentences: a felon found in possession of a firearm is subject to a maximum term of incarceration of ten years, unless that person qualifies under the ACCA, in which case they are subject to a mandatory minimum term of incarceration fifteen years. *See* 18 U.S.C. § 924(a)(2), (e). Therefore, *Madrid* and other cases applying *Johnson* to the Guidelines are not substantive decisions.

Instead, applying *Johnson* to the Guidelines is a procedural decision: it alters "the range of permissible methods a court might use to determine whether a defendant should be sentenced

4

under [U.S.S.G. § 4B1.2]." *Welch*, 136 S. Ct. at 1265 (citing *Schriro*, 542 U.S. at 353). Thus, applying *Johnson* to the Guidelines is a procedural decision and would not have retroactive effect on collateral review under the first *Teague* prong.

Application to the Guidelines can only be retroactive if it would constitute "a watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, 494 U.S. at 495 (quotation omitted). The Supreme Court often cites *Gideon v. Wainwright*, 372 U.S. 335 (1963), "holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses," to illustrate the watershed exception. *Id.* The Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process," and that failing to correctly calculate the Guidelines range constitutes procedural error. *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

While procedural error may be sufficient to show plain error and be reversible on direct review, as in *Madrid*, that is not the case on collateral review. The Tenth Circuit's decision invalidating the residual clause of U.S.S.G. § 4B1.2 does not suggest that a prior, final conviction in which the career offender guideline was used would run afoul of the ex post facto clause, as was the case for increased guidelines ranges between the commission of the crime and the time of sentencing in *Peugh v. United States*, --- U.S. ---, --- 133 S. Ct. 2072, 2082-86 (2013). Further, while a defendant is entitled to a correct Guidelines calculation as the starting point for a court to craft the appropriate sentence, a subsequent change in Guidelines ranges does not invalidate the prior sentence.

Courts have disagreed on whether *Johnson* applies retroactively to guidelines cases on collateral review. In *United States v. Ramirez*, the court found that the impact of a career

offender designation carried an impermissibly large risk "that the punishment exceeds what the defendant would have received without the designation" and that this risk trumps the finality concerns in *Teague*. --- F. Supp. 3d ---, ---, CRIMINAL ACTION NO. 10-10008-WGY, 2016 WL 3014646, at *9 (D. Mass. May 24, 2016). Thus, the court in *Ramirez* found that *Johnson* was retroactively applicable to the Guidelines on collateral review. *Id.* Similarly in *United States v. Boone*, the court found that *Johnson* as applied to the Guidelines is retroactively applicable on collateral review and "is 'substantive' under the facts and circumstances of this case," in which Boone was classified as a career offender and his underlying convictions no longer qualified after the invalidation of the residual clause in the Guidelines, and that classification rendered Boone's Guidelines range approximately five-times what it would have been without the classification. 2:12-cr-162-12, 2016 WL 3057655, at *6-7 (W.D. Pa. May 31, 2016) (slip copy).

Conversely, the Eleventh Circuit denied an application to file a second or successive habeas petition in *In re Rivero* because *Johnson* does not apply retroactively to the Guidelines. Indeed, no circuit "has affirmed an order granting relief for a petitioner" on the basis of *Johnson*'s retroactive applicability to the Guidelines. *United States v. Homrich*, No. 1:93-cr-16, 2016 WL 4035323, at *2 (W.D. Mich. July 28, 2016) (slip copy). In *Saunders v. United States*, the court re-emphasized that *Johnson* does not apply to the Guidelines in the Eleventh Circuit. CR609-042, 2016 WL 4007677, at *1 (S.D. Ga. July 26, 2016) (slip copy).

District courts in the Tenth Circuit have also found that *Johnson* does not apply retroactively. For example, in *United States v. Mulay*, the Court concluded that "[t]he *Johnson* rule is not substantive and does not afford the defendant relief on collateral review." Nos. 01-40033-01-SAC, 2017 WL 373382, at *6 (D. Kan. Jan. 26, 2017) (slip copy). In *United States v.*

*Miller*, this Court likewise concluded that *Johnson* is not retroactively applicable. Civ. No. 16-0566-WJ-WPL, Doc. 8 (D.N.M. Sept. 23, 2016) (unpublished).

While the matter is clearly unsettled, it seems likely that the Supreme Court will hold the residual clause in the Guidelines to be unconstitutionally vague, find that ruling to announce a new procedural rule, and deny retroactive applicability on collateral review. Rather than leave White in limbo pending a decision in *Beckles*, I recommend that the Court conclude that the residual clause in the Guidelines is unconstitutionally vague, but that the new rule is procedural and not entitled to retroactive effect under *Teague*.

## CONCLUSION

For the reasons described herein, I recommend that the Court deny White's motion. Because I make this recommendation without reaching the merits of whether White's prior convictions could continue to sustain application of the career offender guideline even if *Johnson* applies retroactively to the Guidelines, I further recommend that the Court grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and affirmatively encourage White to appeal this decision or file a motion for reconsideration if the Supreme Court, in *Beckles*, holds that *Johnson* is retroactively applicable in Guidelines cases.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

                                                UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.